BRENNAN, J.[1]
¶ 1 T.C.G. appeals from an order terminating her parental rights to J.M.G., who was born November 23, 2013. She argues that the trial court violated WIS. STAT. § 48.23(2)(b)3. when it proceeded to the dispositional hearing the day it found her in default. For the reasons that follow, we affirm.
BACKGROUND
¶ 2 The petition to terminate T.C.G.'s parental rights (TPR petition) to J.M.G. was filed April 21, 2017. It alleged that the child remained in need of protection or services under WIS. STAT. § 48.415(2) and that T.C.G. had failed to assume parental responsibility. See § 48.415(6).
¶ 3 T.C.G. was present at the May 16, 2017 hearing on the TPR petition. T.C.G. was ordered to participate in discovery, to attend all court dates, and to stay in contact with her lawyer from answering phone calls to updating her attorney of address changes. T.C.G. acknowledged this order with a "Yes." The court warned T.C.G. what would happen if she failed to comply with this order and she acknowledged these consequences. At the end of the hearing, the remaining scheduled court appearances were announced.
¶ 4 T.C.G. was present at the July 19, 2017 permanency hearing. T.C.G. was reminded of the orders to keep her attorney informed and to participate in proceedings, and T.C.G. repeated her acknowledgement of the orders.
¶ 5 T.C.G. was present at the August 29, 2017 motion hearing and final pretrial. The State was granted an adjournment, and the court rescheduled the final pretrial for November 8, 2017, and scheduled the trial date for November 13, 2017. T.C.G. was again reminded of the orders to participate and the consequences if she did not, including the possibility that her parental rights would be terminated. T.C.G. told the court she had no other questions.
¶ 6 T.C.G. did not appear for the final pretrial on November 8, 2017. Her attorney reported to the court that day that she had been in contact with T.C.G. "within the last month or so" but that despite the fact that she had left multiple messages for T.C.G., she had not gotten a response from her "lately." The State, supported by the guardian ad litem, requested that T.C.G.'s contest posture be struck. The court took the default motion under consideration.
¶ 7 On November 13, 2017, when the case was called for the scheduled jury trial, T.C.G. was not present. T.C.G.'s attorney told the court that she had left four messages the week of November 8, 2017, and sent a letter on November 8, 2017, and received no response to either. The case manager told the court that she had spoken to T.C.G. on November 9, 2017, informed her of the missed final pretrial on November 8, 2017, reminded her of the upcoming jury trial on November 13, 2017, and encouraged her to contact her attorney. The case manager said that T.C.G. told her she would not be able to come to the next scheduled hearing because she could not get off of work for it. The case manager told the court that she had informed T.C.G. that this was an unacceptable excuse for missing a hearing and offered to provide a ride to court. The case manager told the court that T.C.G. worked 3:00 p.m. to 1:30 a.m. Monday through Friday.
¶ 8 The State renewed its request to have T.C.G.'s contest posture struck. The court granted the motion, noting T.C.G.'s absence at two court dates since the previous week; her failure to keep in contact with her attorney; and the warnings she had received from the court, her attorney, and the case manager. The trial court found T.C.G. in default and her failure to appear egregious. The trial court noted it found her absence egregious in part because of T.C.G.'s unresponsiveness to the case manager's offer of transportation and the fact that her work schedule did not actually conflict with the hearing. It further noted that she had not contacted the court to try to adjourn the trial. The court did not find waiver of counsel, and T.C.G.'s counsel continued to participate in the proceedings.
¶ 9 The case proceeded to prove-up. The case manager was called to testify by the State and was questioned by the State, the guardian ad litem, the court, and T.C.G.'s counsel. The case manager testified about resources T.C.G. had received to help her meet the conditions of the CHIPS dispositional order. However, the case manager testified that the four conditions listed by the CHIPS dispositional order were not met. These conditions required T.C.G. to: (1) establish a safe and suitable place of living for herself and J.M.G.; (2) provide safe care for J.M.G.; (3) commit no crimes and cooperate with terms and conditions of her delinquency order; (4) manage mental health needs by participating in psychological evaluation and completing all recommended treatment; and (5) visit J.M.G. regularly.
¶ 10 The court found that the State had proven by clear and convincing evidence both failure to assume parental responsibility and J.M.G.'s continuing need of protection and services. It found T.C.G. unfit.
¶ 11 The court then moved forward with the dispositional hearing.
¶ 12 T.C.G.'s counsel objected to entering into the dispositional hearing without waiting to see if T.C.G. could attend a hearing on a different date. The court noted there was not good cause to delay, and noted that T.C.G. had not indicated that she would be available at another time. The court accordingly overruled the objection. The dispositional hearing continued and following the hearing, the trial court found that it was in J.M.G.'s best interest to terminate T.C.G.'s parental rights.
DISCUSSION
I. The trial court did not err in holding the dispositional hearing on the day T.C.G. was found in default.
¶ 13 This appeal requires us to interpret and apply WIS. STAT. §§ 48.424(4) and 48.23(2)(b)3. The construction of statutes and their application to a particular set of facts is a question of law which we review de novo . State v. Isaac J.R. , 220 Wis. 2d 251, 255, 582 N.W.2d 476 (Ct. App. 1998).
¶ 14 Termination of parental rights cases consist of two phases: a grounds phase, at which the factfinder determines whether there are grounds to terminate a parent's rights, and a dispositional phase, at which the factfinder determines whether termination is in the child's best interest. Sheboygan Cty. DHHS v. Julie A.B. , 2002 WI 95, ¶¶ 24-28, 255 Wis. 2d 170, 648 N.W.2d 402.
¶ 15 WISCONSIN STAT. § 48.424 sets forth the requirements for the fact-finding hearing as to whether grounds exist for the termination of parental rights. As relevant here, it provides:
If grounds for the termination of parental rights are found by the court or jury, the court shall find the parent unfit. A finding of unfitness shall not preclude a dismissal of a petition under [ WIS. STAT. §] 48.427(2). Except as provided in [ WIS. STAT. §] 48.23(2)(b)3., the court shall then proceed immediately to hear evidence and motions related to the dispositions enumerated in [§] 48.427.
Sec. 48.424(4). The dispositions enumerated in § 48.427 include termination of parental rights. See § 48.427(3). But, as noted above, § 48.424 creates an exception to the "immediate" disposition hearing as set forth in the following language in § 48.23(2)(b)3. :
[A] parent 18 years of age or over is presumed to have waived his or her right to counsel and to appear by counsel if the court has ordered the parent to appear in person at any or all subsequent hearings in the proceeding, the parent fails to appear in person as ordered, and the court finds that the parent's conduct in failing to appear in person was egregious and without clear and justifiable excuse. Failure by a parent 18 years of age or over to appear in person at consecutive hearings as ordered is presumed to be conduct that is egregious and without clear and justifiable excuse. If the court finds that a parent's conduct in failing to appear in person as ordered was egregious and without clear and justifiable excuse, the court may not hold a dispositional hearing on the contested adoption or involuntary termination of parental rights until at least 2 days have elapsed since the date of that finding.
Sec. 48.23(2)(b)3.[2] (emphasis added). This statutory language is the basis for appellant's argument that the trial court erred in going immediately to disposition here.
¶ 16 T.C.G. argues that WIS. STAT. § 48.23(2)(b)3. requires a two-day waiting period in every case where there is a finding of default even if there is no finding of a waiver of the right to counsel.
¶ 17 Although the language in the last sentence of WIS. STAT. § 48.23(2)(b)3. is concededly broad, it is significant that it is found in the statute entitled "Right to counsel" and that it does not include any requirement for trial courts to find a waiver of counsel when a parent defaults. The language creates a presumption of waiver where three conditions are met: the court orders a parent to appear, the parent fails to appear, and the court finds the failure to appear egregious and without excuse. Even where those conditions are met, there is no indication that a default converts automatically into a waiver of the right to counsel. The legislature "placed great emphasis on the necessity of counsel" in termination of parental rights cases, see State v. Shirley E. , 2006 WI 129, ¶ 30, 298 Wis. 2d 1, 724 N.W.2d 623, and it would not be consistent with that emphasis to allow waivers to occur absent a trial court's explicit finding. The Wisconsin Legislative Council Act Memo for 2013 Wisconsin Act 337 (Apr. 25, 2014), lends support to this view: "The Act requires that at least two days must pass from a court's finding that an adult parent has waived the right to counsel by a failure to appear before a court may hold a dispositional hearing on an involuntary termination of parental rights or a contested adoption."Id. (emphasis added).
¶ 18 The trial court made a finding that T.C.G.'s failure to appear was egregious and struck her contest posture. It made no finding that she had waived the right to counsel. Counsel continued to represent T.C.G.'s interests through the prove-up and the dispositional hearing, conducting cross-examination of witnesses, raising objections, and arguing against the termination of parental rights. Counsel filed a notice of intent to pursue post-disposition relief on T.C.G.'s behalf.
¶ 19 Because the two-day waiting period is triggered by a finding of waiver of counsel, which did not occur in this case, it was not error for the trial court to proceed directly to the dispositional hearing with counsel representing her interests.
¶ 20 We therefore affirm the order terminating T.C.G.'s parental rights.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)(4).

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(e) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

At the time of the hearing, T.C.G. was over the age of eighteen.